UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

GREGORY SCOTT HARRISON and                    Case No.  HK 13-09637
SANDRA KAY HARRISON,                          Chapter 7

                 Debtors.
_____/

DYAN MITCHELL,

              Plaintiff,                       Adversary Proceeding
                                               No. 14-80101

v.

GREGORY HARRISON and
SANDRA HARRISON,

              Defendants.
_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

A complaint objecting to the dischargeability of a particular debt under 11 U.S.C.

§ 523(c)[1] shall be filed no later than sixty days after the first date set for the meeting of creditors

under § 341(a).  *See* Fed. R. Bankr. P. 4007(c).  Section 523(c) gives bankruptcy courts the

exclusive authority to except from discharge debts of a kind under § 523(a)(2), (4), or (6).  *See*

11 U.S.C. § 523(c)(1).  Dyan Mitchell ("Ms. Mitchell"), without benefit of counsel, filed with

the court a document entitled "Motion to Deny Dischargability [sic] of Debt Due to Want of

Jurisdiction and Fraud, and to Release Obligated Property," (the "Motion," DN 1), just before the

sixty day deadline expired.

_____

[1] Unless otherwise indicated, all statutory citations in this Opinion and Order refer to Title 11, United States Code.

The Motion, though couched in language of the "free sovereign" or "sovereign citizen" movement,[2] appears to invoke the court's authority to declare that the debts of debtors Gregory and Sandra Harrison (the "Debtors") owing to Ms. Mitchell "are not dischargeable due to fraud on the part of Gregory Harrison," thereby implicating § 523(c).  *See* Motion at ¶ 54.  Ms. Mitchell also seeks other relief related to the declaration under § 523(c) or perhaps possession of the collateral for her claim.

Because requests for declaratory relief under § 523(c) require a complaint and formal summons (among other procedural protections),[3] and because the Motion (filed just before the Rule 4007 deadline) substantially takes the form of a complaint, the court treated it as a complaint under § 523(c).  Accordingly, the Clerk opened an adversary proceeding docket but advised Ms. Mitchell that the court would not issue a summons until she (i) tendered $293.00 as the filing fee, and (ii) filed an adversary proceeding cover sheet.  *See* Notice of Defective Entry or Filing dated April 24, 2014 (the "Defective Filing Notice," DN 2).

In response to the Defective Filing Notice, Ms. Mitchell states that the Motion is "Not a complaint," and that she did not intend to commence an adversary proceeding.  *See* Rebuttal of Notice of Defective Entry or Filing Dated April 24, 2014 and Notice to all Related Parties to the United States Bankruptcy Court, Western District of Michigan (the "Rebuttal," DN 4).  It plainly appears from the Rebuttal that Ms. Mitchell does not wish to file a complaint or tender the filing fee.  Accordingly, the court will treat the Motion as a motion rather than a complaint, in accordance with Ms. Mitchell's wishes.

---

[2] *Folson-El Bey v. Wells Fargo Home Mortg.*, Slip Op. No. 11-CV-13534, 2012 WL 1453569 (E.D. Mich. April 26, 2012).

[3] Fed. R. Bankr. P. 7001(6).

The Motion and Rebuttal are somewhat unintelligible, and difficult to square with Ms. Mitchell's view that (i) she is not a creditor, and (ii) the court lacks jurisdiction over private contracts such as the one she is attempting to enforce in this forum.  *See* Motion at ¶ 2 ("Dyan Mitchell is not a creditor.  Dyan Mitchell is Sui Juris."); *Id.* at ¶¶ 30, 48, 52 (references to limited jurisdiction of "alleged court" over private contracts); Rebuttal at ¶¶ 3 and 7 (same).

Construing the Motion and the Rebuttal together, it appears that Ms. Mitchell is seeking "answers" from the court rather than relief in some more traditional form, and that she does not request a hearing.  *See* Rebuttal at ¶ 6.  The court, however, does not answer questions posed by litigants, and only rarely grants relief without a hearing.

To the extent Ms. Mitchell seeks to except a debt from discharge, the court will deny the Motion, without prejudice, because she insists on pursuing such relief through a contested matter rather than adversary proceeding.  *See* Fed. R. Bankr. P. 7001(6) & 9014.  Although the denial is without prejudice, the court is not barring any defenses, including limitations defenses, that the Debtors may assert if Ms. Mitchell ultimately files a complaint under § 523(c).

To the extent the Motion seeks possession of property to enforce her claim during the pendency of the Debtors' case, it fails to satisfy the requirements for relief from the automatic stay under § 362(d). Moreover, Ms. Mitchell has not tendered a fee for such relief.  The court must deny the Motion on these grounds.

To the extent the Motion seeks relief other than as the court has identified above, the court will deny any such relief because the Motion does not adequately give notice of the relief requested or the grounds therefore.  *See* Fed. R. Bankr. P. 9013.

From her papers, the court infers that Ms. Mitchell is ambivalent, resenting federal authority over the subject matter of her dispute with the Debtors, yet asking the court to exercise

that authority, but only on her terms.  She may not, however, obtain relief from the court while flouting its procedures.  Because her views may be standing in the way of relief to which she might be entitled on a proper application, the court encourages her to consult counsel.

For the reasons set forth above, the court will deny the Motion, and all relief requested therein, without prejudice.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment withholding all relief and dismissing the adversary proceeding without prejudice.

IT IS FURTHER ORDERED that the Clerk shall also enter this Opinion and Order in the Debtors' base case docket.

IT IS FURTHER ORDERED that the Clerk may close the adversary proceeding after the time for appeal has expired in accordance with the court's usual procedures.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Dyan Mitchell, Gregory Harrison and Sandra Harrison, Stephen L. Langeland, Esq., attorney for Gregory and Sandra Harrison, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 9, 2014**



Scott W. Dales
United States Bankruptcy Judge